# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re  Paul J. Tomasik,       )
                              )
                              )   Bankruptcy No.  13-43272
                              )
              Debtor.         )   Chapter   7

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: __Nixon Peabody LLP__

Authorized to Provide Professional Services to: __R. Scott Alsterda, Chapter 7 Trustee__

Date of Order Authorizing Employment: __May 31, 2016 [Dkt. 25] effective as of January 18, 2016__

Period for Which Compensation is Sought:
From __January 18__, __2016__ through __March 24__, __2017__

Amount of Fees Sought: __$ 4,326.00__

Amount of Expense Reimbursement Sought: __$ 156.98__

This is an:   Interim Application _____   Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: __May 25, 2017__                                __R. Scott Alsterda__
                                                           (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Paul J. Tomasik, | ) | Case No. 15-34366 |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |
| | ) | |

### FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1. Paul J. Tomasik (the "Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on October 8, 2015 [Dkt. 1].

2. The Trustee filed his Initial Report of Assets on April 28, 2016 [Dkt. 19].

3. On May 31, 2016, an order was entered approving the employment of Nixon Peabody LLP as counsel for the Trustee [Dkt. 25] effective as of January 18, 2016. A copy of the May 31, 2016 Order authorizing employment of NP as legal counsel is attached hereto as Exhibit "A."

### CASE SUMMARY

4. The initial meeting of creditors was scheduled for November 13, 2015 at which time the Debtor appeared and was examined by the Trustee concerning his assets, liabilities and financial affairs.

5. During the creditors' meeting, the Trustee examined the Debtor regarding certain transfers made between the Debtor and Thornton Motion, Inc. ("TMI"), a corporation solely

owned by the Debtor. The Trustee also requested documents and additional information from the Debtor regarding these transfers.

6. The creditors' meeting was continued from time to time thereafter in order to afford the Debtor an opportunity to produce the information and documents and to give the Trustee and his counsel time to review the Debtor's production.

7. Following the Trustee's receipt and review of the requested information and documents related to the transfers between the Debtor and TMI, the Trustee with the assistance of his counsel determined that certain of these transfers were either avoidable or recoverable from TMI and that there were assets in the bankruptcy estate that could be liquidated for the benefit of creditors.

8. The Trustee again with the assistance of his counsel entered into negotiations with the Debtor and his counsel for the purpose of determining the extent to which these transfers between the Debtor and TMI could be avoided and/or recovered from TMI and the Debtor.

9. The negotiations resulted in a settlement agreement with the Debtor and TMI whereby TMI and the Debtor agreed to pay the Trustee on behalf of the bankruptcy estate the sum of seventeen thousand ($17,000.00) dollars in thirteen (13) monthly installments.

10. Based upon this settlement agreement, the Trustee filed an Initial Report of Assets on April 28, 2016 [Dkt. 19].

11. NP prepared the Trustee's Motion to Approve a Compromise and Settlement with Paul J. Tomasik and Thornton Motion, Inc. [Dkt. 24], and on June 13, 2016 an order was entered by this Court approving the compromise and settlement [Dkt. 26].

12. NP also prepared the Trustee's Motion to Employ a Tax Accountant to assist the Trustee in the preparation of the bankruptcy estate's tax returns. On April 5, 2017 an order was

entered authorizing the Trustee's employment of a Tax Accountant [Dkt. 28] and the Trustee has filed the bankruptcy estate's final tax returns with the state and federal taxing agencies.

13. The Debtor timely made all of the monthly installment payments under the settlement agreement and all of the assets in the Debtor's bankruptcy estate have been administered. The Trustee has prepared his Final Report and projected distribution. Subject to the entry of orders on the final fee applications, the Trustee is ready to make a distribution and close the case.

## DESCRIPTION OF LEGAL SERVICES

14. The nature and extent of the services which NP provided to the Trustee for January 18, 2016 through March 24, 2017 are summarized in the following paragraphs.

15. Asset Analysis and Recovery (B-120). NP provided 6.90 hours of services with a value of $3,553.50 related to the Trustee's analysis and recovery of assets of the Chapter 7 case. These services included reviewing the terms and conditions of the proposed compromise and settlement of the transfers. The Trustee's counsel also drafted and revised the settlement agreement and the related notice, motion and proposed order for court approval of the proposed compromise and settlement of the transfers. Throughout this process, the Trustee's counsel also had correspondence and telephone conferences with the Debtor's counsel regarding the terms and conditions of the proposed compromise and settlement of the transfers.

16. Fee/Employment Applications (B-160). NP provided 1.50 hours of services to the Trustee with a value of $772.50 related to the Trustee's employment of legal counsel and a tax accountant. These services including drafting the motions to employ both professionals including the notices and proposed orders, as well as court appearances for the hearings on the motions.

3

17.     <u>Summary of Services</u>.    The services rendered to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Asset Analysis and Recovery | B-120 | 6.90 | $3,553.50 |
| Fee/Employment Applications | B-160 | 1.50 | $772.50 |
| **TOTAL** | | **8.40** | **$4,326.00** |

18.     Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

19.     The time expended and services rendered by each individual NP attorney is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 8.40 | $515.00 | $4,320.00 |
| TOTAL | **8.40** | | **$4,320.00** |

20.     Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. These expenses include postage in the amount of $59.98 and photocopies (at 10¢ per page) in the amount of $97.00 for a total amount of $156.98.

21.     Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

22.     At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the bankruptcy estate with respect to matters on which NP was employed.

4

## PRAYER FOR RELIEF

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $4,326.00 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $156.98.

DATE: May 25, 2017

Respectfully Submitted

NIXON PEABODY LLP

Of Counsel:
R. Scott Alsterda (ARDC 3126771)
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL  60602-4283
312-977-9203
rsalsterda@nixonpeabody.com

/s/ R. Scott Alsterda